**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4891**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SCOTT DELL GUSTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:07-cr-00172-BO-1)

Submitted: May 21, 2009                    Decided: May 26, 2009

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Woodward Webb, THE EDMISTEN & WEBB LAW FIRM, Raleigh, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Dell Gustin appeals from his conviction for assault on another inmate. On appeal, Gustin argues that the evidence was insufficient to support his conviction. We affirm.

A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the Government and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

At trial, all the eyewitnesses, including the victim, identified Gustin as the perpetrator. In addition, another witness testified that Gustin later admitted that he had beaten the victim. Gustin's claim of insufficient evidence rests on inconsistencies as to the length of the beating, the amount of blood involved, and whether Gustin was able to conceal or remove evidence, as well as testimony that Gustin did not have any blood on him. While Gustin asserts that that this "mosaic of unreliable evidence" was inadequate to support a finding of guilt beyond a reasonable doubt, we do not review the credibility of witnesses, and we assume the jury resolved all contradictions in the testimony in favor of the Government. See Romer, 148 F.3d at 364. In fact, Gustin pointed out these inconsistencies to the jury, and we will not overturn the jury's decision to credit the multiple identifications of Gustin. We therefore conclude that there was sufficient evidence to support the convictions.

We therefore affirm Gustin's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED